## IRVIN ELLIS v. THE STATE.

No. 22099. Delivered May 6, 1942.
Rehearing Denied June 10, 1942.

The opinion states the case.

*Tom Bailey, Jr.,* of Houston, (*King C. Haynie,* of Houston, of counsel on appeal only), for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged herein by an indictment which contained three counts, all relating to the statutes prohibiting the keeping of a gambling house. He was tried before the court, a jury having been waived, and upon a plea of guilty he was by the court sentenced to a term of two years in the penitentiary.

The first count of the indictment charged appellant and two others with unlawfully keeping certain premises for the purpose of being used as a place to bet, wager and gamble with dice and cards, and as a place to which people did resort for such purpose.

The second count in such indictment charged said three persons with knowingly permitting certain property under their control to be kept for the above purpose of gambling with dice and cards.

The third count thereof charged such persons with unlawfully keeping and being interested in keeping a certain building, etc., for the purpose of being used as a place to bet and wager, and as a place where people did then and there resort to bet and wager.

The trial court in his order, after showing the preliminaries relative to the plea of guilty, entered the following judgment:

"* * *; and having heard the indictment read and defendant's plea of guilty thereto, and having heard the evidence submitted, and argument of counsel thereon, the court finds the defendant guilty of unlawfully keep a building, room and place for the purpose of gambling, a felony, and assesses the punishment at two years in the State Penitentiary. It is therefore considered and adjudged by the court that the defendant, Irvin Ellis is guilty of the offense of unlawfully keep a building room and place for the purpose of gambling, a felony, and that he be punished, as has been determined, by confinement in the State Penitentiary for two years."

There are no bills of exceptions in the record, and no statement of facts brought forward. But it is contended in appellant's brief that the judgment of the trial court is fatally de-

fective in that the same is vague and indefinite, and does not adjudge appellant to be guilty of the charged offense, or of any offense known to the law. To this we do not agree. Appellant was adjudged to be guilty of keeping a house for the purpose of gambling. The dictionary definition of gambling is the act of playing or gaming for money or other stakes, and, in our judgment, to bet or wager means to gamble or game for money or other stakes.

The trial court could have and doubtless did find appellant guilty under the third count of the indictment, which would be justified under Art. 625, P. C. of unlawfully keeping a certain building for the purpose of being used as a place to bet and wager, and as a place where people resorted to bet and wager, and we think the phrase "bet or wager" is here used synonymously with gambling. In fact the statute itself, Art. 625, P. C., is ample authority for saying that such words are synonymous, as witness the last portion thereof: "* * * Any place or device shall be considered as used for gaming or to gamble with or for betting or wagering, if any money or anything of value is bet thereon, or if the same is resorted to for the purpose of gaming or betting."

We think the cited case of Wolz v. State, 33 Texas, 331, which was an indictment under Paschal's Digest, Art. 2047, not to be in point herein, but by analogy the same supports the conclusion here arrived at. Nowhere in Art. 2047, Paschal, is the word "gambling" mentioned, but it does often mention the word "gaming," and prohibits the keeping of a place for the purpose of gaming; and in the Wolz case, supra, the Court holds that:

"It is evident that the gaming contemplated by the statute (Paschal's Digest) is synonymous with betting."

Evidently the above article in Paschal's Digest has been amended many times, the present statute being passed in 1907, and throughout the present statute gaming, gambling and betting or wagering are used synonymously. Art. 631, P. C. says, among other things:

"* * * Gambling house and gaming house, as used in this article is meant any place where people resort for the purpose of gaming, betting or wagering."

We think the judgment of the trial court can be applied to the third count of the indictment, and when so applied the same is a valid judgment. It is therefore affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for a rehearing appellant makes the same contentions which he made on the original submission of this case. After having re-examined the record in the light of appellant's motion, we remain of the opinion that the case was properly disposed of on the original submission.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.